May it please the court. I'm Adam Cortez and I am proud to be representing Officer Scott Ristow. Officer Scott Ristow's case is a civil rights case that basically centers or arises out of an arrest or arrests he made on September 14, 2015 in the early morning hours of that day. Fortunately, that arrest was captured on his dash cam video which of course the purpose of which is to protect arrestees, suspects and himself and also to provide evidence in criminal prosecutions. Now that piece of evidence that is the basis basically for what Mr. Ristow was allegedly accused of, some criminal conduct that on his part that occurred during that arrest, that video has never been produced to the plaintiff appellant even as of this day. Well, assuming that we agree with you that it was a completely legitimate arrest, and we're not for the purposes of this argument, not for ultimate decision on the facts, and that he should not have been told this, we're trying to figure out do you make out a claim for 1983? What are your 1983 causes of action that are in your complaint? So that's what, what makes a claim, a colorable claim under 1983 here? And that's your, you're going under 1983, right? That's correct. Okay. And well, basically what I, well in my, what I'm seeing here is and what we've alleged is that basically he was given an opportunity to be, to resign, but basically it was you're going to be, we're arresting you. The DA just left. This occurred in the police department. Everyone's a police officer, including himself, of course. And so he's going to be arrested and incarcerated immediately. And as I say, it's immediate. He's going to be, yes, which a show of authority, which even the court, the lower court acknowledged, yes, that can be a violation. They were saying that factually I don't get there, but that's a factual inquiry, which is the reason why I want the opportunity to litigate it. So the court recognizes that a show of authority, the lower court even recognized that a show of authority is, you know, can be, when there's no probable cause, can be a violation of the Fourth Amendment. And that's what, you know, that's the, really the primary focus of this particular case. And, you know, Officer Risto, what he wants is the opportunity to at least be able to present that evidence, but that evidence hasn't even been disclosed. So. What case says that the threat to arrest gives rise to a cognizable claim under 1983? Well, it's actually the, I mean, what I'm, what I'm alleging is that under Texas law, a show of authority gives you the opportunity. There, I find no similar cases with respect to these particular circumstances. But what I'm saying, and as I cited that Zimmerman v. Cutler case that actually you, you were involved in Justice Elrod, wherein, you know, some things are just so egregious that they can, you know, constitute kind of a general violation of the Constitution, even if there's no precedent. And that's, that's kind of how I see this one. I don't know of any cases wherein police officers threaten other police officers with arrest and then don't disclose the basis for that, that threat of arrest, but somehow they're able to avoid any kind of litigation. I don't, I know of no authority. All the cases that are cited in this, for example, even by, that were cited by the Appellees, that Jordan v. Brumfell case, that case centered on a warrant. Well, the warrant was disclosed. The warrant was debated. I mean, each side got to write briefs. Here's why we think we have a case based on these facts. Okay, so you believe that the Fourth Amendment, you state a claim for, it's a Fourth Amendment violation to be threatened with arrest. To be threatened, yeah, with the threat of arrest, and obviously it's imminent because he's right there and there's police officers, and to add to that. Even though he's not arrested, so. He wasn't physically arrested, but, you know. He was never detained. Well, he wasn't, he, well, he felt that he had a choice. I'm not leaving here except in handcuffs. So, as we know, general law, he certainly had the, there was the indicia of an arrest here. What other claim, if any, do you believe that you correctly pled? Well, there's obviously the issue with respect to whether or not he had a right as a, kind of a due process right as civil service protection, which needs to be more fully developed. The Texas Commission on Law Enforcement that does have some civil service protection, we didn't get that far, obviously, so we didn't get to litigate that at all. But I would like the opportunity to develop that issue and didn't get. Did you plead that your client had a property interest in the employment that entitled your client to due process and that he was removed without the due process? Yes, I did. You pled that. Yes, I did. Exactly that. I pled that he had a property, a constitutional right in his employment and that there is a process for, by which that under the Texas statute here, let me, that he had the, should have had the right to be able to receive a copy of the complaint, any complaints being made against him. And it's a, I cite that as in page 8 of my complaint that is attached, tab 11, wherein there's a process there under the Texas government code that he was denied the opportunity to even, you know, be able to defend himself with respect to these charges. Would that be a 1983 claim or a claim under State law? Well, I mean, it's, I'm saying that constitutionally he should have the opportunity to, the 14th Amendment, to be able to assert that. Well, you need a Federal claim, a Federal constitutional claim or a Federal statutory claim. So you're saying denial of process authorized by State law, setting up the parameters for that process, is a Federal violation? I'm saying that, yes, that the fact that he didn't have any due process opportunity to defend himself is a violation of the 14th Amendment. Well, but the standards that you're arguing are not Federal constitutional standards. They're State standards. So if the Federal constitutional statute doesn't give us what that process is and State law gives us that process, is that a Federal issue? Well, I mean, I want the opportunity to develop that. And that's really where I feel this case, where I don't think he's been given the proper opportunity procedurally, is that we don't get the opportunity to delve any further. Because if we don't get, if the video shows that he engaged in some illicit, illegal conduct, well, then we don't even go there. He doesn't even, the show of authority was proper. Well, we're not dealing with, we're not really worried about, I mean, we're taking you on the evidence. We're looking right now to see whether you pled a Federal claim. Your pleading doesn't seem to mention the 14th Amendment as far as I can tell in that discussion. Paragraph 15 that you referred us to doesn't say anything whatsoever about the 14th Amendment. And it's the 14th, not the 5th, right? Yes, it's the 14th, not the 5th. Because there's no Federal employment. Correct. Where is it that you say this, that you're trying to make that claim? On paragraph 12 of tab 11, the 14th Amendment rights to due process, including the right to be free to pursue his chosen profession. Well, that's different than I have a right to be, that's like talking about his new job. We're talking about his old job, that he didn't get, that he had a property interest in his old job, and he didn't get fired with the process, with the proper process. That's what you would have to say. And I don't see where you said he has a property interest in his old job under the 14th Amendment, and therefore, and he didn't, you know, Texas gives him a property interest, and therefore, under the 14th Amendment, he can't be deprived of it. Where is that discussion? Well, I indicate that he had a constitutionally protected right in his employment there, and that, I see that in the, in, let's see, let's go, I'm sorry, go back. You did have something about constitutionally protected interest in pursuing a career in law enforcement, but you're not talking about his being removed from his certain job. You're talking more about him trying to get another job. Well, I think, well, clearly, I think that you can say that, obviously, I'm concerned about him in the future. That was alleged in there, but the obvious, to me, the obvious inference from the entire pleading is that he was terminated from his position based on a false threat of arrest with no probable cause. Is, is the long and short of the, and so. But that's not, still, even when you just said that sentence, you didn't give, say, that's not alleging that there's a federally protected interest. Terminated without probable cause, you still have to add the next sentence that says that, and, and he had a protected property or liberty interest, and I guess it would be a property interest, in his employment, at this particular employment, and his failure to get due process took away his right. That, that's the next step you have to allege. Well, obviously, Your Honor, in retrospect, I could have alleged it a little bit better, but as I indicate with respect to the case law and the pleading rules, that you need to make out a short and plain statement of an entitlement to relief, and an imperfect statement of a legal theory doesn't deny the claimant the right to proceed past a motion to dismiss. And that's what the Supreme Court has been made clear in, you know, cases starting, you know, Leatherman and Crawford L., and then all the way to, of course, the most recently, the city of Shelby. And I realize that, that the, there is a difference here, there is a disparity or dispute between the districts, because this case would have been viewed much differently in the northern district of Dallas, where they don't have this heightened pleading standard that requires you to have to plead away a defense, even if it hasn't been asserted. We're not dealing with, I'm not even asking, I mean, we may ask you about that. I'm not precluding the panel from asking. Okay. But this doesn't, I'm not dealing with heightened pleading. We're dealing with, not even dealing with the qualified immunity part of it right now. We're just talking about, did you plead this on its face? Not, did you have to anticipate the qualified immunity defense and all of that. Sheltia says that that gets done in the response or in the Rule 7 statement. So we're not dealing with heightened pleading right now. So we're just trying to see what it is that you plead. So you've got Fourth Amendment threat of arrest, and you believe that's a detention. Yes. And then you've got 14th Amendment property right in loss of employment. Yes. I mean, that's what you're intending to plead. Exactly. Do you have anything else that you believe you pled? Yes. The other allegation was against, this pleading clearly states that they're being sued, that I served them as individual and law enforcement official of the city of Schultz, and we alleged in the pleading that there's a kind of a policy here where if you're an undesirable police officer, then we'll threaten you with an arrest or some kind of allegation. And if you don't quit, well, then we're going to try to trump up some charges against you. So that's a claim against the department? Against the city of Schultz. Under what constitutional claim is that? Well, I believe that that obviously is a 14th Amendment claim as well, because you have a property right in employment, and certainly you'd certainly be threatened with arrest. But, again, I haven't developed that through discovery because I haven't been able to get it. We're talking about discovery. We're talking about did you plead it. Okay. And I believe I did. I pled them as the policymakers. And, again, I cite that Grogan case with respect to the pleading of a case under basically Monell, and that there's obviously in that case, as you know, the plaintiff didn't even allege who the policymaker was, didn't even know. It was not a perfect pleading, but taken as a whole, the court determined that a case had been pled such that. I'm not familiar with the at-will employment of Texas in light of affecting your 14th Amendment property claim. Well, see, I consider that a legal issue with respect to whether or not there are other bases such as a city charter and also the Texas Commission on Law Enforcement quality. I mean, Texas Commission on Law Enforcement. In fact, the lawyer who referred Officer Risto to me said that he believed he should have an opportunity, that he can't just be dismissed, that he does have rights with respect to basically it's in effect a contract with the city of Schurz. But I didn't get to brief that issue at all. But that is what my understanding is. So the remedy there or how I'm going to deal with it there is respect to whether or not there's another avenue with respect to being able to overcome that. Because obviously it's certainly correct that it's an at-will State. It's equally correct that there are other reasons why that he should have some due process rights. It's not just him. When you're talking about what might be a way to create a property interest, what we're talking about, what we're asking about is what's in the complaint about that. It seems to me paragraph 15 is the one place where you get into the possibility of some additional rights beyond it being an employment at will. Is that a fair statement? Yes, that is correct. Okay. So I don't have much time left. What else do you want to tell us? Okay. Well, I just don't believe that Officer Risto, you know, he doesn't know the Federal Rules of Civil Procedure from, you know, a Grisham novel. All he wants to know is can he have at least some day in court in order to have the opportunity to determine how it is these allegations were made against him and that there shouldn't be any pleading standard or any issues with respect to how to be able to determine it. I'm sorry. I'm going to give you two extra minutes and give them two extra minutes. Can you? Okay. But you have to plead the claims. Are there three claims that you believe were pled or are there any others? Those are the three claims. Just three. Those three. Nothing about future employment. Well, I make mention of that just in the context of what. That's just mentioning. Yeah, in the context of what. Okay. So that's not a claim? Not in and of itself, no. Okay. The claims. Okay. So we've got these three claims. Yes. Anything else? Well, no. Those are the only claims that. So anything else that you want to say before you sit down and save time for rebuttal? Well, yes. I would like to say that it shouldn't be the case that if Officer Risto had been in the Northern District of Dallas, he would be able to have had the video produced so that we could determine if he has any kind of claim, because I'll be honest with the Court. If I see anything on that video that is indicative of any kind of criminal behavior on behalf of Officer Risto, then obviously I would never have brought the claim in the first place. I believe his account of what occurred and that there shouldn't have been any action taken against him and that I find it extremely disturbing that officers would make a false claim about their own officer, and I think it raises serious issues that need to be addressed. And so that is definitely something that I think needs to be addressed, because it's extremely unfair to have this disparity in procedure simply based on where you live. And so with that, I'll save the rest of my time for rebuttal. I appreciate it. Okay. Thank you. Thank you. Good afternoon, Your Honors. My name is Charles Frigerio, and I represent the Appalese Chief of Police Hanson, Assistant Chief Bain, and Lieutenant Casas of the City of Schertz Police Department. Plaintiff has filed claims against these individuals, and I would say that they are individual claims only and not against the City of Schertz itself. When we filed our 12B6 motion to dismiss and plaintiff then replied, and the live pleading is the first amended complaint, he was put on notice that we were dealing with qualified immunity defenses and that he failed to state a cause of action. Again, he did not state the City of Schertz as a defendant. These are, he sued the Chief of Police, the Assistant Chief of Police, and a lieutenant for their actions in finding that his actions on the arrest of September 14, 2015, fell below the standard of care. Ultimately, it was the Chief of Police who determined what he saw on that tape fell below the standard of care, and he did not want him on the force as a police officer. He does at least allege a city policy set by those empowered to set that policy. In some situations, making such an allegation would cause the governmental unit to be substituted for the named defendants. This never went that direction, but isn't there an allegation in the first amended complaint that policy makers that made the policy for the city or for the police department, however far this went, that certain officers would have these sorts of allegations made against them in order to force them to terminate, to resign? Isn't that a, in effect, an allegation against the governmental unit? I do not believe so, Your Honor, under Monell. I think you had to be specific. He's claiming he's the Chief of Police. That is true, but where is the Monell? Then he can make policy for the relevant governmental unit. All I'm saying is that it seems to be an allegation that would have supported, potentially, I mean, if it was a sufficient allegation, substituting the government body for the named defendants. And then when we specifically look at what the plaintiff is alleging, in this case the appellant, we look at Fourth Amendment. There is no Fourth Amendment because the fact that you are given the choice, as Judge Matthew mentioned in her order, the fact that you make a choice between unfavorable alternatives is not a detention under the Fourth Amendment. So if he just said, go for it, do what you've got to do, and been arrested, then he would have this claim? If he was arrested, yes. But he has to actually be arrested, not just threatened with arrest? I believe so, Your Honor. Do you have a case that says that? No, but there's no case law that I could find in the Fifth Circuit or anywhere that just says the fact that you are threatened or given alternatives, you can resign, or other circumstances are going to be held against you other than that Reyes v. Homeland Security. Not held against you. You're going to be arrested. Yeah, you can resign or be arrested. Right. You're not aware of the case. He's not aware of the case. I'm not aware of any case. Except perhaps the Zimmerman case, and you're not aware of any case the other way. Right, Your Honor. Let me ask you about what the magistrate judge said, approved by Judge Garcia. On the Fourth Amendment, it says what you just indicated, and what was required, according to the magistrate, effectively the district judge, but it's the magistrate's opinion, and it quotes Graham B. Conner, Supreme Court, a seizure triggering the Fourth Amendment only when the government actors have seized or restrained the liberty of a citizen. It goes on to say that no such seizure actually occurred here and is therefore dismissed. The only authority is, I mean, it's one thing to say, yes, that's what the Supreme Court held. I don't, you know, it seems like in the context of Graham B. Conner, that was the right thing to say because they weren't dealing with what we're dealing with. Your opponent has not come up with any authority to support that what happened here was sufficient, but it does seem a legitimate, that is, the recipient of such a threat would legitimately be concerned about that and could coerce action. It seems to me the only question is, and it would be improper to do that, the only question is, is it a Fourth Amendment violation? The only question for purposes right now in discussing this part of the opinion by the district judge, is that constitute a Fourth Amendment violation? If it's something else, then he has to claim it's something else. I just don't know. But you're right. There's not much law on it, apparently. Right, Your Honor. I would submit and suggest to the Court that the fact that you gave those alternatives to the individual is not a seizure under the Fourth Amendment, which is cognizable under Section 1983.  That only applies basically to the State's Fourteenth Amendment. Federal. And so just looking at the Fifth Amendment as a separate claim, no Federal actors here, so that's thrown out. Right. Is that your position as well? Yes, Your Honor. It has to be a Federal actor, and since these are the City actors, municipalities, they would not state a cause of action under the Fifth Amendment. Okay. So when do we get into heightened pleading and the whole debate about that? Is it on the Fourteenth Amendment claim? If we are to get into that, it would be on the Fourteenth Amendment on the qualified immunity. But I don't think the magistrate judge cited the Iqbal and Twombly and stated and really found that there was no constitutional violation, and that really brings us to the Fourteenth Amendment. She looked and analyzed it in the procedural due process as well as substantive due process. And the first element is because Texas is an at-will state, it isn't important because there's no property interest. The only way you can, in Texas, have a property interest is to have a contract or a specific ordinance, which was lacking in this case. He was a police officer for the City of Schertz. He did not have a property interest in his position. He also had, he was not denied, if we look at the procedural due process, he wasn't terminated without due process. He wasn't terminated without due process. There was an appellate process that he chose not to avail himself of, even though if we take the pleadings he was constructively discharged, he still could have gone to the city manager, which he chose not to do. Does he still have state law possible claims through the police process? I mean, at this point, I think we're probably, statute of limitations, we're probably exhausted. But they're not precluded by the determination in this lawsuit? No, not at all. So, no, it would not be precluded. But to the extent that the Court goes on at page 11 and page 12 of the Court's position and talks quotes from this Hick v. Bexar County case from the Western District and seems to say that we have some sort of requirement that you have to anticipate the qualified immunity and plead around it, do we need, that seems, that doesn't seem to be consistent with our law, does it? I don't think, yeah, I don't think that's. So you agree that that's wrong, though, don't you? I agree that the heightened pleading that we had under Leatherman, I think, has been qualified by Iqbal and Twombly. And to the extent that the plaintiff still must allege a constitutional violation. But you don't have to plead around the qualified immunity defense. You don't have to say, and this should have been known because you can't say that it was clearly established. You don't have to show that it's clearly established and get around some anticipating some defense. Right, not at this point, not at this standpoint. So it does appear that there's an error in the opinion. Doesn't it? In articulating the law? I think she, I think that Judge Matthew went back and talked specifically about Iqbal and Twombly, so I would hesitate to. In pages 11 and 12, the Fifth Circuit is encouraged to require heightened, require highly fact-specific, and then it goes on, and that's okay to say highly specific, but then it says, must include detailed facts supporting the contention that the plea of immunity cannot be sustained. That's not required. I don't believe so, Your Honor. Okay. Does it make any, I appreciate that. Is there anything about that determination that causes problems for you in this case? I don't believe so, Your Honor, because we're still looking at there is no constitutional deprivation plead. Because there's no fourth amendment and there's no fourteenth amendment, therefore it's still appropriate to 12B6 dismissal in our opinion. And I don't believe that there was any causes of action on a municipality-based against the city of Schertz. If the Court were to infer that there were, I don't believe they stand up under Monell. But quite frankly, he had their opportunity when he did replead, and he still didn't say anything, say the city of Schertz is a defendant. Well, there never was an effort to bring the city in, so my question did not suggest the city is somehow effectively a party. I'm just saying the allegation was there, but nothing was done with it to bring in the city. Yes, sir. Okay. But what about the property interest claim in continuing or future employment? What's your best response to that? I don't believe there's any cause. We were looking at, even as in his pleadings, there's what we call in Texas an F-5. An F-5 is when an officer is terminated, you can either be honorably discharged, generally discharged, or dishonorably discharged. And he was, by their own pleadings, he was honorably discharged. So there wasn't an intentional plan or something to infringe on his future employment. I think by the fact of his, again, his own pleadings, typically an employer that, from a very general standpoint, if you have an employee that's terminated and there's an inquiry, the only thing that an employer will say is whether or not they're eligible for rehire or not. Or it may not say anything at all, which may tell the other prospective employer. But these pleadings do not infringe or state a constitutional right under either procedure or substantive due process that his rights were infringed on for future employment. Is there any law in Texas or federal court that the Texas government code or whatever this procedure that he would have been able to pursue gives a property interest in employment that the failure to comply with that is a failure to recognize a property interest? Is that being dealt with? I mean, the standard that the magistrate district court applied, 14th Amendment violation, if the plaintiff alleges would support the claim, if it's alleged has a property interest in employment sufficient to entitle him to due process protection and was terminated without that process. So some procedural rights can become property rights. Not being given that procedure can be a violation of a property right. There's no case law that you're aware of either way on that as far as procedures? Well, from a state and or federal, Your Honor, I think one potential avenue would have been the EEOC and or the Texas Workforce Commission complaint could have been alleged if they were going down from a laborer's standpoint. Well, the procedure set out in paragraph 15 of the complaint is the procedure that I'm talking about. That's 614, I believe, of the government code that he mentioned. That's what's — you know the complaint better than I do. That's what he's saying in paragraph 15. In particular, that has been ruled on by the Texas Supreme Court to the extent — and there was case law on this issue because it says if a person files a complaint against a police officer, that the police officer is entitled to have a copy of the complaint. Now, that evolved from the individuals representing officers saying if the chief of police internally makes a complaint, then the chief of police must formally write out a complaint against the individual. The Texas Supreme Court has held that that is not the case, that an administrator, you as the administrator, as chief of police can file a complaint against you as an officer. And that is a case of Colorado County v. Staff, which is 510 Southwestern 3rd, 435. That's a Texas Supreme Court case, 2017, that held that it's administratively — it would not — you do not have a separate cause of action for a chief of police or an administrator if they do an internal complaint against an officer. I thought that teachers in Texas law have a property interest. Because they have contracts. And the police officers don't. They do not have contracts. Thank you. One other thing. Is there a claim for any sort of federal claim for defamation to telling other law enforcement agents that he's unemployable? No, Your Honor, not that I'm aware of, under federal or state, for that matter. Because he is employable. Right. And by the fact that the chief did file out the F-5 in his own pleadings, it was honorable discharge. That's not defamation. That's actually giving the officer the benefit of the doubt. Right. But what I'm saying, he says that despite that, that they're going around behind his back and saying bad things. I don't think that's a 14th cause of action, 14th Amendment cause of action under federal law. Although it might be a state law. Might be a state law, potentially. Okay. If there's nothing else, we would ask that you affirm the dismissal, Your Honor. Thank you very much. Thank you. May it please the Court. With respect to the idea that there weren't, these were just a situation like in the Ray v. Homeland case where this was just different alternatives. The facts of that case were that man cashed in his thrift savings plan so he could pay his lawyer for the federal indictment. It wasn't a situation where he was being accused of fabricating a police report and intimidating arrestees. So in that context, I feel like this is a unique case in that we have this false show of authority. And all the events are depicted on a video. The video is being concealed and that would determine the entire case. Mr. Cortez, what are you telling us, that this video would show that the arrest was legitimate? Yes. Is that your point? Yes. Okay, but how does that take you the rest of the way? We're taking it as a given because we accept the well-pleaded statements in the complaint. And that part of the complaint is not being challenged, that he had made a legitimate arrest. Because that's not, it seems to me, where this battle is being fought. But it's where you want to stay. You seem to be a very capable lawyer. Help me get over this barrier that I have that why does that make your case when what you really need to be showing, it seems to me, is how is that a Fourth or a Fourteenth Amendment violation? Not that. But how does the defendant's reaction to that event create a Fourth or Fourteenth Amendment violation? Well, I do believe that this conduct with respect to officers accusing other officers, we accept that as true. We've got officers falsely accusing other officers. There's video evidence to show that that is a false allegation. You're threatening arrest. That has to be a constitutional violation of the Fourth Amendment or the Fourteenth Amendment. To me, speaking as someone who was in law enforcement for eight years, and I'm very pro-law enforcement, this bothers me so much that I brought this allegation because I do believe that there's a cause of action. It's true there are lots of legal hurdles with respect to his cause of action. I recognize them. I don't deny them. There are procedural issues with respect to the Texas law that he lost some of his rights because they determined or, well, because of the technical resignation, there was going to be so much litigation to get around that and that he lost some rights. Let me ask you if this is your point. It seems to me if, based on your complaint, none of those events happened. The defendants knew the events didn't happen in the way that they're saying. And they actually arrest him, put him in jail. It seems to me that's a pretty good Fourth Amendment claim. But they didn't arrest him, and they didn't put him in jail, and that's what the district judge, after adopting the magistrate judge's opinion, held. So that's the gap. Why is that? How do you bridge that gap that he was not arrested? And, again, the only authority anybody's shown us on this is what's in the magistrate judge's opinion. Like Graham v. Conner and then that is also, of course, cited by the appellees. Well, and, again, the idea that all that is just somehow okay, that, yeah, it's okay to threaten you with arrest when it's false. Whether it's a constitutional violation or not. Well, I consider it at a minimum a Fourth Amendment, the show of authority based on completely fabricated charges, and then the obvious concealment of that to me just buttresses the fact that the arrest had to be illegal. You used the show of authority phrase quite a few times. I'm probably missing something. What's the significance of that to you? Well, I mean, to me it's basically a de facto arrest. The fact that you're not going to leave, we're not leaving here, so either you hand in your resignation or you're going to jail immediately. He was going to go to jail. The DA had allegedly just left, and so the charges were being filed. He was going to be arrested immediately. So, to me, there's hardly a difference between you're going to be arrested immediately and, well, I physically put the handcuffs on you just as the whole wealth of authority with respect to it was I reasonably believed that my freedom was restrained.  Well, it's the equivalent of a normal situation. Police officers, people on the street, a police officer goes up to somebody and says, I'm going to arrest you. The guy hadn't done anything. But then the officer walks away. It's not a Fourth Amendment violation. I know this is more than this. There's a threat you've got to do. If you do X, I won't arrest you. So if you tell somebody on the street, a law enforcement officer says, if you do X, I won't arrest you even though I have the right to. I don't know if that's a Fourth Amendment violation either. We don't have to decide that. We don't have any law, do we? Well, I mean, other than the – obviously there's law that a show of authority can constitute an arrest. There's definitely that. But whether or not direct authority under these facts of a threat, there isn't. Thank you. Thank you. We have your argument. This case is submitted. Thank you.